IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE RANDALL : | |
| : | CIVIL ACTION NO. |
| v. : | |
| : | |
| STATE FARM FIRE AND CASUALTY : | |
| COMPANY : | JURY TRIAL OF 12 DEMANDED |
| : | |

## NOTICE FOR REMOVAL OF CIVIL ACTION
## FROM STATE COURT

AND NOW, comes defendant, State Farm Fire and Casualty (hereinafter "Defendant" or "Defendant State Farm") for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 260101867.

2. This action was commenced by the filing of a Praecipe to Issue Writ of Summons on January 15, 2026. Plaintiff's Complaint was filed on February 13, 2026.

3. Plaintiff's Amended Complaint, containing the facts and allegations on which Plaintiff's claims are based, was filed on March 10, 2026. A copy of Plaintiff's Amended Complaint is attached hereto and marked as Exhibit "A".

4. The averments made herein are true and correct with respect to the date on which suit was commenced and the date upon which this notice is being filed.

5. This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant State Farm is now, and was at the time Plaintiff commenced this action and filed the Amended Complaint, a

corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

6. Defendant State Farm has with the filing of this notice, given written notice to Plaintiff's counsel.

7. Defendant State Farm is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

8. Defendant seeks to timely remove this matter to the United States District Court for the Eastern District of Pennsylvania within thirty (30) days of service of the Complaint. Defendant asserts that the amount in controversy in this matter exceeds $75,000 based on Plaintiff's Amended Complaint. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

9. The procedure for removal is set forth by 28 U.S.C. §1446. The pertinent portions of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

10. In determining whether the jurisdictional amount has been satisfied, the Court must first look at the Amended Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).

11. The Amended Complaint asserts two causes of action against Defendant: (1) Breach of Contract and (2) Statutory Bad Faith pursuant to 42 Pa.C.S.A. § 8371.

12. The underlying lawsuit as alleged in the Amended Complaint arises out of Defendant's handling and investigation of an alleged loss at Plaintiff's property located at 7601 Crittendon Street, Apt. B3, Philadelphia, PA 19118, allegedly resulting in damage to the property. See Exhibit "A."

13. In support of the breach of contract Count (I), Plaintiff alleges $30,866.55 in losses as a result of a public adjuster investigation. See Exhibit "A", para. 15.

14. In support of the bad faith Count (II), violation of 42 Pa.C.S.A. §8371, the *ad damnum* clause in the Amended Complaint states that Plaintiff seeks damages "in an amount in excess of $50,000, together with costs, interest, attorney's fees, punitive damages, and special damages…. See Exhibit "A", Count II *ad damnum* clause.

15. Generally, claims brought by a plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. C.D.Peacock, Inc. v. The Neiman Marcus Group, Inc., Civ. A. No. 97-5713, 1998 U.S. Dist. LEXIS 2945 (E.D. Pa. Mar. 12, 1998). "Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant . . . ." Snyder v. Harris, 394 U.S. 332, 335 (1969); Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997).

16. Since Pennsylvania does not permit a demand for a specific sum and permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

17. "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." Hatchigian v. AAA Mid-Atlantic Member Rels., Civ. A. No. 19-4740, 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

18.     While two claims cannot be aggregated to satisfy the jurisdictional amount if the plaintiff could not recover damages for both (Ketz v. Progressive Northern Ins. Co., 3:07-cv-731, 2007 U.S. Dist. LEXIS 43245 (M.D. Pa. June 14, 2007) citing C.D.Peacock, Inc., Id.; Suber v. Chrysler Corp., Id.), a bad faith claim and a breach of contract claim are separate and distinct and can be aggregated to calculate the amount in controversy. Id.

19.     Where both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

20.     "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008); Mieczkowski v. Salvation Army, No. 3:15-cv-2146, 2016 U.S. Dist. LEXIS 54260, (M.D. Pa. Apr. 22, 2016); Colasuonno v. Safe Auto Ins. Co., Civ. A. No. 12-5791, 2012 U.S. Dist. LEXIS 194718 (E.D. Pa. Dec. 20, 2012).

21.     Although the claim of bad faith is disputed by State Farm, if Plaintiff is able to sustain a finding of bad faith, it is reasonable to expect that a punitive damage award two or three times the amount in controversy, or beyond, could be rendered by the trier of fact.

22.     Moreover, attorney's fees must also be included in determining the amount in controversy. Neff v. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995). Over the course of an approximate ten-month litigation of this matter, there is a reasonable probability that Plaintiff would incur costs and fees in an amount approaching $25,000.00.

23. In considering whether removal is proper, the Court's determination of the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir.1993).

24. As the property damage claim as indicated in Plaintiff's Amended Complaint is currently over $30,000, and given Plaintiff's claim for bad faith damages of over $50,000 and associated costs, interest and fees, the amount in controversy in this case is in excess of the $75,000.00 jurisdictional threshold for removal to the federal Court, in accordance with 28 U.S.C. §1446 (a).

25. Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BY: _____
WILLIAM H. HOFMANN
Attorney for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date: March 10, 2026

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE RANDALL | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

### NOTICE OF REMOVAL

**TO:** Martin Durkin, Esquire
Durkin Law Offices, P.C.
1760 Market Street, Suite 601
Philadelphia, PA 19103
Phone: (215) 569-9090
Fax: (215) 569-9595

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, <u>Randall v. State Farm Fire and Casualty Company</u>, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at docket number 260101867.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BY: _____
WILLIAM H. HOFMANN, ESQUIRE
Attorneys for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE RANDALL | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

**DEFENDANT'S CERTIFICATION OF FILING OF
COPY OF NOTICE OF REMOVAL WITH STATE COURT**

I, being duly sworn according to law, state that I am an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company; and that

I did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on or about March 10, 2026.

BY: _____
WILLIAM H. HOFMANN, ESQUIRE
Attorneys for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

## AFFIDAVIT

I, William H. Hofmann, Esquire, being duly sworn according to law, do hereby depose and state that I am an attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

_____
WILLIAM H. HOFMANN